```
                        UNITED STATES DISTRICT COURT
                         MIDDLE DISTRICT OF FLORIDA
                            JACKSONVILLE DIVISION
```

AKEEM MUHAMMAD,

        Plaintiff,

v.                                 Case No. 3:18-cv-212-J-25JBT

JULIE JONES, et al.,

        Defendants.

_____

## **ORDER**

Before the Court is Plaintiff's Motion for Reimbursement of Service Expenses (Doc. 62; Motion). Plaintiff seeks reimbursement of service expenses for Defendants Andrews, Sellers, McGregor, Jones, and Frambo. See Motion at 1-2. He asserts he properly served each Defendant with a notice of the lawsuit, a request to waive service of a summons, a copy of the Complaint, and a self-addressed stamped envelope, in compliance with Federal Rule of Civil Procedure 4(d)(2). Defendants refused to waive service. Id. at 2. Defendants have responded to Plaintiff's Motion (Doc. 82; Response). They concede Plaintiff "has complied substantially with the Federal Rules," but assert they had good cause to refuse Plaintiff's request to waive service. Id. at 3-4.

Upon review, the Court finds Plaintiff's Motion is due to be denied, though not for the reason advanced by Defendants. Rule 4(d) applies to individuals subject to service under Rule 4(e),

(f), or (h). Because Plaintiff sues Defendants in their individual and official capacities, see Amended Complaint (Doc. 32), they are subject to service under Rule 4(j) (serving a state government). See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (recognizing that a suit against an official in his official capacity is "no different from a suit against the State itself").

Rule 4(d) is inapplicable when a defendant is subject to service under subdivision (j). The Advisory Committee Notes explaining Rule 4 (1993 Amendment) emphasize that a "waiver of service may be sent only to defendants subject to service under subdivision (e), (f), or (h)," and "[t]he waiver-of-service provision is …inapplicable to actions against governments subject to service" under subdivision (j). See also Moore v. Hosemann, 591 F.3d 741, 747 (5th Cir. 2009) (joining other jurisdictions and holding a state officer sued in his official capacity is subject to service under Rule 4(j)); Cupe v. Lantz, 470 F. Supp. 2d 136, 138 (D. Conn. 2007) (recognizing Rule 4(d)'s waiver provision is inapplicable to state employees sued in their official capacities).

Accordingly, because Plaintiff sought waiver of service from Defendants who are not subject to the waiver requirement, his Motion for Reimbursement of Service Expenses (Doc. 62) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of March, 2019.

*[Signature: Joel B. Toomey]*
JOEL B. TOOMEY
United States Magistrate Judge

Jax-6
c:
Akeem Muhammad
Counsel of Record